### FESTA v. NEW YORK CITY RY. CO. °

(Supreme Court, Appellate Term.  November 3, 1905.)

TRIAL—NONSUIT—EVIDENCE.

Where, in an action for injuries, plaintiff's evidence warrants an inference that his injuries were due to defendant's negligence without contributory negligence on plaintiff's part, it was error to grant a nonsuit on the evidence of plaintiff's physician that he examined plaintiff on the day of the accident, and found no bruises on him or any apparent discoloration which would indicate that he had received a recent blow, which evidence was at variance with a statement signed by the physician, who explained the inconsistency merely by stating that at the time he signed the statement he was not under oath.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 342.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Antonio Festa against the New York City Railway Company.  From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Arthur Ofner, for appellant.

William E. Weaver, for respondent.

BISCHOFF, J.  The plaintiff proved that he sustained injuries to a certain extent in an accident which took place through a collision between a street car of the defendant and a gasoline machine, which he (the plaintiff) was operating upon the street in the course of his work of laying asphalt near to the defendant's tracks; and from the evidence as to the position of the car, its speed, and the absence of warning of its approach, taken with the evidence of the position of the gasoline machine and of the plaintiff's actions at the time, the inference was reasonably permissible that the action was due to negligence upon the part of defendant's servants in charge of the car, without any contributory negligence upon the part of the plaintiff.  To support the plaintiff's testimony as to the injuries received, one Dr. Rosapet was called as a witness in his behalf, and testified that he examined the plaintiff on the day of the accident, and found no bruises or scratches upon him, nor was there any apparent discoloration which would indicate that the plaintiff had received a recent blow of any kind.  It appears from the proceedings upon the trial that this testimony came in the nature of a surprise to the plaintiff's attorney, who confronted the witness with a paper purporting to be a statement made by him at variance with his testimony given upon the trial, which paper the witness stated he had signed, but sought to explain the inconsistency merely by pointing out that he had not sworn to it.

The justice dismissed the complaint, and evidently based his ruling upon the supposition that the plaintiff's case was fabricated, because of the failure of this medical witness to give corroborating testimony. The case should certainly have been left to the jury.  It could not be said from the proceedings at the trial that the evidence given by plain-

tiff as to the injuries received by him was necessarily untrue; and this evidence, if believed by the jury, would have supported a recovery. The jury might well have disregarded the testimony of the doctor, by reason of its apparent inconsistency, and it was not within the province of the justice to determine that the doctor's testimony was necessarily true and that the plaintiff's claim was necessarily fabricated.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.